IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JESSICA RAELINN FARNHAM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, INC., UNUM GROUP CORPORATION, and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendants. | Case No.: _____<br><br>*Civil Action*<br><br>**NOTICE OF REMOVAL** |

Defendants, Unum Group Corporation and Unum Life Insurance Company of America (collectively, "Unum"), respectfully notify this Court of the removal of the above-styled cause from the Circuit Court of the State of Kentucky, County of Madison, to the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1331, § 1367, § 1441, and 29 U.S.C. § 1132.

I.

This action is being removed to federal court based upon federal question jurisdiction under 28 U.S.C. § 1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. (hereafter "ERISA").

II.

On or about November 5, 2022, plaintiff Jessica Raelinn Farnham filed in the Circuit Court of the State of Kentucky, County of Madison, the above-entitled civil action, bearing Case No. 22-CI-00484 in the records and files of that Court.

III.

The aforesaid Circuit Court of the State of Kentucky, County of Madison action is a suit of a wholly civil nature of which the United States District Court for the Eastern District of

Kentucky has original jurisdiction under 28 U.S.C. § 1331, § 1367, and 29 U.S.C. § 1132, and is one that may be removed pursuant to 28 U.S.C. § 1441.

IV.

This Court has federal question jurisdiction over the action because the plaintiff, as an alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA because:

   a. At all times relevant hereto, Defendant Battelle Memorial Institute, Inc. established and/or maintained an employee welfare benefit plan, in which the plaintiff alleges that plaintiff's spouse was covered and she was a participant or beneficiary;

   b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(5) (defining an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan ….");

   c. The plan was established and is maintained for the purpose of providing, among other things, life insurance benefits for participants in the plan;

   d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

The plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan. Pursuant to 29 U.S.C. § 1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

This action is therefore one of which the United States District Court for the Eastern District of Kentucky has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b), as well as supplemental jurisdiction under 28 U.S.C. § 1367, and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b). Oswego County is within the venue of the United States District Court for the Eastern District of Kentucky.

VI.

This petition is being filed pursuant to 28 U.S.C. § 1446 within 30 days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

a. The time for filing this petition under 28 U.S.C. § 1446 has not expired;

b. The plaintiff artfully crafted her pleading based wholly upon state law causes of action, claims and/or theories of recovery;

c. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by the plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. § 1132, provides the plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering the plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

d. To the extent any of the plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

e. On November 18, 2022, Counsel for Unum conferred with Counsel for Co-Defendant Battelle Memorial Institute, Inc., and Battelle Memorial Institute has consented to the removal.

VII.

Therefore, defendant Unum Life Insurance Company of America files this Notice of Removal of this action from the Circuit Court of the State of Kentucky, County of Madison, in which it is now pending, to the United States District Court for the Eastern District of Kentucky. There are attached to this notice, marked Exhibit A and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

IX.

Also attached to this notice, marked as Exhibit B and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits)

with the Circuit Court of the State of Kentucky, County of Madison.

      WHEREFORE, defendants Unum Group Corporation and Unum Life Insurance Company of America notifies this Court of the removal of this action from the Circuit Court of the State of Kentucky, County of Madison to the United States District Court for the Eastern District of Kentucky.

|  |  |
|---|---|
|  | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|  | Attorneys for Defendants<br>UNUM GROUP CORPORATION and<br>UNUM LIFE INSURANCE COMPANY OF AMERICA |
| Dated:  November 28, 2022 | By:  /s/ Rachel E. Ehleremann_____<br>Rachel E. Ehlermann (KY Bar #99247)<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>317-916-2124<br>rachel.ehlermann@ogletree.com |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court via the court's CM/ECF system, and a copy of this filing was sent to the following, via First Class U.S. Mail, postage prepaid:

>John P. Cornett
>CLARK LAW OFFICE, INC.
>851 Corporate Drive, Suite 310
>Lexington, KY 40503

/s/ Rachel E. Ehlermann

53919911.v1-OGLETREE